National Life & Accident Ins. Co. *v.* Fort, Com'r.

(*Nashville,* December Term, 1937.)

Opinion filed March 5, 1938.

646

TYNE, PEEBLES, HENRY & TYNE, of Nashville, for appellant.

ROY H. BEELER, Attorney-General and EDWIN F. HUNT, Assistant Attorney-General, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The question presented by this appeal is the same as in the case of *Life & Casualty Insurance Company* v. *Stokes*, 172 Tenn., 639, 113 S. W. (2d), 1176. The cases were heard together on appeal. Both involve the construction of chapter 5, Acts Extra Session of 1935, held to be valid as applied to corporations in *Corn* v. *Fort*, 170 Tenn., 377, 95 S. W. (2d), 620, 106 A. L. R., 647. The pertinent provisions of the act are set forth in the opinion filed in the companion case and for that reason are omitted here.

The complainant filed its tax report required by the act on December 31, 1935. By the report it was shown that the company's total investments amounted to $38,959,988, its Tennessee investments to $16,699,288, and its capital, surplus and undivided profits to $7,432,856. The Company's gross premium receipts for the preceding year amounted to $17,205,918.00, and its Tennessee premium receipts to $2,308,518.00. By comparison of premium receipts and total investments in Tennessee with gross premium receipts and total investments, the

complainant found the ratio to be 28.14% and allocated that percentage of its total capital, surplus and undivided profits of $7,432,856, or $2,091,606 as its capital subject to taxation under the act. By that process the tax was found by the company to be $2,646.81.

The commissioner refused to accept the result of complainant's computation and measured the tax by the actual cash value of the company's real and tangible assets in the State, shown to be $3,355,920, and required payment of an additional tax of $1,896.45. The payment was made under protest and the bill filed to recover. The chancellor sustained defendant's demurrer and complainant appealed.

The questions presented by the assignments of error are: (1) Whether the commissioner observed the proper formula to determine the company's invested capital as the basis of taxation against insurance companies doing business both in Tennessee and other states; (2) whether the reserve for policy holders was improperly included in the tax base.

There is but one measure for the privilege tax against corporations. That is fixed by section 3 by reference to capital, which includes surplus and undivided profits invested in the State, coupled with a further provision that the capital invested, upon which the tax shall be paid, shall in no instance be less than the actual cash value of real and tangible assets owned and used in the State.

By section 4 the Legislature prescribed other means through which the commissioner could make a fair and equitable tax base when capital was used under circumstances that hindered or prevented a fair ascertainment by reference to capital invested in the State.

648

The Legislature considered that cases might arise where corporations located in the State and doing business here on a large capital base, but with nominal visible capital investments in the State, might carry on a very large State and interstate business; and to find their capital used in connection with their local business methods and formulas were indicated by section 4 as a means of allocating so much of the capital to Tennessee as was used here. But we find nothing in section 4 that indicates a purpose that the commissioner should adopt a tax base different from that prescribed by section 3.

 While complainant alleges in the bill that $2,156,891 of its $3,356,992 capital investment in the State includes reserves for policyholders, it is shown that the total investment is in the complainant's name. The greater part of it consists of lands purchased upon foreclosure or purchased by agreement with the mortgagor and the company holds title in its own name without reference to any allocation of the total to any particular account. There is no provision of the act to authorize subtraction of this unidentified item from the complainant's capital invested in the State.

Affirmed.